**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISA R. ROMERO, | No.  16-56265 |
| Plaintiff-Appellant, | DC No. CV 15-0193 CAB |
| v. | |
| DEPARTMENT STORES NATIONAL BANK; FDS BANK; DOES, 1 through 10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 5, 2018
San Francisco, California

Before:    D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

Plaintiff Elisa Romero appeals the district court's dismissal of her claim

against Defendants Department Stores National Bank and FDS Bank (the "Banks")

under the Telephone Consumer Protection Act ("TCPA") for lack of Article III

standing.  Romero also appeals the district court's grant of summary judgment to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the Banks on her claim under California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act") and her common law claim for intrusion upon seclusion. Romero's claims arise out of nearly three hundred autodialed calls the Banks placed to Romero's cell phone regarding a debt that Romero concedes she owed. Romero does not dispute that she provided the Banks her cell phone number; she seeks compensation for calls made after July 2014, when she alleges that she first asked the Banks to stop calling.

We review questions of standing de novo. *Preminger v. Peake*, 552 F.3d 757, 762 n.3 (9th Cir. 2008). We also review a grant of summary judgment de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

**1.** The district court erred in concluding that Romero lacked standing under Article III to bring a TCPA claim. The district court did not have the benefit of *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017), in which we held that "a violation of the TCPA is a concrete, *de facto* injury." *Id.* at 1043. Romero has shown that this concrete harm is fairly traceable to the Banks' challenged conduct. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). We reject the Banks' attempt to inject a subject matter nexus requirement into the standing analysis. *See Bd. of Nat. Res. of State of Wash. v. Brown*, 992 F.2d 937,

2

945 (9th Cir. 1993) (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 77–79 (1978)).

We also reject the Banks' attempt to distinguish *Van Patten*. The TCPA is not limited to telemarketing calls; Congress recognized unsolicited contact as a concrete harm regardless of caller or content, and this harm is similar in kind to harm that has traditionally been redressable by courts. *See Van Patten*, 847 F.3d at 1042–43 (citing Telephone Consumer Protection Act of 1991, Pub. L. 102–243, § 2, ¶¶ 10, 12, 105 Stat. 2394 (1991) and Restatement (Second) of Torts § 652B (Am. Law. Inst. 1977)). Thus, "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* at 1043 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). Disputes regarding whether Romero gave prior express consent to receive calls from the Banks or revoked that consent go to the merits of her TCPA claim, not to her standing. *See Van Patten*, 847 F.3d at 1043–48.

2.      The district court erred in granting summary judgment to the Banks on the basis of a defense under the Rosenthal Act. This provision states in full:

> A debt collector shall have no civil liability under this title if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever

adjustments or corrections are necessary to cure the violation with respect to the debtor.

Cal. Civ. Code § 1788.30(d).[1]

The Rosenthal Act is remedial, *see* Cal. Civ. Code § 1788.1, and so it is construed broadly to protect consumers, *see People ex rel. Lungren v. Superior Court*, 926 P.2d 1042, 1055 (Cal. 1996). With this in mind, the plain meaning of § 1788.30(d) comports with Romero's interpretation that the defense does not apply if the creditor cannot undo the harm to a debtor that its violation has already caused. Note that § 1788.30(d) applies only to "a violation which is able to be cured." The Banks' contrary interpretation would undermine the remedial goals of the Rosenthal Act.

That California would require a creditor to return a debtor to the position she was in before the Rosenthal Act violation in order to "cure" that violation finds support in other contexts, where future compliance is an insufficient "cure" if the ill effects of a violation have not been or cannot be remedied. *See Physicians Comm. for Responsible Med. v. Applebee's Int'l, Inc.*, 168 Cal. Rptr. 3d 334, 346–47 (Ct. App. 2014) (discussing Cal. Health & Safety Code § 25249.7(d)(1));

---

[1] Romero's argument that this defense is no longer available is foreclosed by *Afewerki v. Anaya Law Group*, 868 F.3d 771, 778–79 (9th Cir. 2017).

*Page v. MiraCosta Cmty. Coll. Dist.*, 102 Cal. Rptr. 3d 902, 929–30 (Ct. App. 2009) (discussing Cal. Gov't Code § 54960.1(c)(2), (e)); *People v. Franco*, 228 Cal. Rptr. 527, 530 (Ct. App. 1986) (discussing Cal. Penal Code § 844). Because the Banks' violation here is the type that has allegedly caused harm like interruption of Romero's solitude, which cannot be cured merely by ceasing calls going forward, the district court erred in granting judgment for the Banks on this claim on the basis of the mere assertion of the defense.

**3.** The district court erred in granting summary judgment to the Banks on Romero's claim for intrusion upon seclusion. On this claim, Romero must prove: "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 490 (Cal. 1998) (citation omitted).

California adopted this formulation of the intrusion upon seclusion tort from § 652B of the Restatement (Second) of Torts and courts draw heavily upon the Restatement's description of the tort. *See Taus v. Loftus*, 151 P.3d 1185, 1212, 1217 (Cal. 2007). The Restatement recognizes that telephone calls demanding payment of a debt may give rise to liability when they are "repeated with such persistence and frequency as to amount to a course of hounding the plaintiff." Restatement (Second) of Torts § 652B cmt. d (Am. Law. Inst. 1977). A creditor's

5

voluminous calls, even if unanswered, can also warrant civil penalties, suggesting that the California legislature and other reasonable people could consider such conduct highly offensive. *See* Cal. Civ. Code § 1788.11(d); *cf. Komarova v. Nat'l Credit Acceptance, Inc.*, 95 Cal. Rptr. 3d 880, 896 (Ct. App. 2009) (citing Cal. Civ. Code § 1788.11(e)).

When considering the evidence here in the light most favorable to Romero, a reasonable jury could conclude that the Banks' nearly three hundred calls, with multiple calls per day, from numbers Romero was not always able to recognize, which continued after she communicated that she was unable to pay and requested that the calls stop, would be highly offensive to a reasonable person. This is so even though the calls were made by a creditor to a number initially provided by the debtor wherein the content of the calls was not harassing.

The Banks have not shown that California would apply a creditor's qualified privilege to this type of claim, and we decline to do so here on this record. The district court assumed that Romero could meet the first element of her claim regarding intrusion into a private place. We decline the Banks' request to affirm on the alternative ground that Romero cannot meet this fact-intensive element of her claim, as there remain disputed issues that preclude affirming summary judgment on this basis.

6

**REVERSED and REMANDED.**